# DILKS &KNOPIK, LLC

*"When Success Matters"*

8/27/2007

United State Bankruptcy Court
District of Massachusetts
Attn: Financial Administrator
1101 O'Neill Bulding
10 Causeway Street
Boston, MA 02222-1074

RE: Application for the Release of Unclaimed Funds

Dear Financial Administrator:

I am applying to the US Bankruptcy Court, District of Massachusetts for the release of the unclaimed monies due and owning to Group Ipex for the amount of $6,971.32. This is from the Bankruptcy of Enventory, Inc and Case No. 00-45207 JBR.

Thank you for your attention to this matter.

Sincerely,

*[signature]*

Brian J. Dilks
Managing Member

28431 SE Preston Way      Phone    (425) 836-5728
PO Box 2728               Fax      (425) 650-9930
Issaquah, WA 98027        E-mail   admin@dilksknopik.com
USA                       Website  www.dilksknopik.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------   *
            In re:                                  :
                                                    :  BK No. 00-45207 JBR
                   Enventory, Inc                   :  Chapter 7
                                                    :
                   Debtor(s)                        :
-------------------------------------------------   *
```

## PETITION FOR PAYMENT OF UNCLAIMED FUNDS

NOW APPEARS (petitioner) Dilks & Knopik, LLC of PO Box 2728, Issaquah, WA 98027, and states that on 7/20/07, Group Ipex became entitled to receive $6,971.32 as a distribution in the above-titled case, and now appears on the records of this Court as the owner of said funds. The amount requested is being held in the Treasury of the United States as unclaimed funds.

Petitioner represents that he/she/it is entitled to receive the requested funds based upon: (check the box(es) that apply):

( )    Petitioner is the OWNER of said funds, being the owner appearing on the records of this Court;

( )    Petitioner is the assignee of the owner's claim to said funds as evidenced in the attached Affidavit or Assignment of Right;

( )    Petitioner is the owner's successor in interest, as evidenced in the attached Affidavit and/or other identifying documents;

( )    Petitioner is the personal representative of the owner's estate, as evidenced in the attached Affidavit and/or other identifying documents; or

(X)    Petitioner is named in a POWER OF ATTORNEY by (grantor) <u>Kforce Inc.</u>, valid under the laws of the Commonwealth of Massachusetts, that empowers the petitioner to collect the unclaimed funds described above on behalf of the grantor:

   ( ) as the owner of the claim
   (X) as the owner's attorney in fact, with authorization to receive said funds

( ) as the assignee of the owner's claim to said funds

( ) as the owner's successor in interest, or

( ) as the personal representative of the owner's estate

Your petitioner submits with this petition following documents(s) as proof of the petitioner's identity and status, and the owner's claim of entitlement:

[List all documents that are attached, e.g. power of attorney, formal assignment, proof of prior residence/location/ownership, court order, etc.]

1) Power of Attorney

2) Affidavit in Support of Application for Payment of Unclaimed Funds

3) Exhibit A: proof that Group-Ipex, Inc. is a wholly owned subsidiary of Hall Kinion Associates, Inc.

4) Exhibit B: proof that Hall Kinion Associates, Inc. merged with and into Kforce, Inc.

WHEREFORE, *petitioner submits to the personal jurisdiction of this Court* and requests that it entered an order directing payment of the unclaimed funds described above to the petitioner, or if the petitioner is not the owner, to the petitioner on behalf of the owner, in accordance with the documents submitted in support of this petition.

The petitioner declares under penalty of perjury that the foregoing is true and correct:

Name of Petitioner: Brian J. Dilks, Managing Member, Dilks & Knopik, LLC

Signature of Petitioner: _____

Date: Monday, August 27, 2007

NOTARY PUBLIC

STATE OF WASHINGTON,
COUNTY OF KING

The above named, Brian J. Dilks personally appeared before me. He/She is known to me to be the person holding the office and authority represented and he/she acknowledges the foregoing to be his/her free act.

Caryn M. Dilks, Notary Public
(SEAL)    My commission expires on ___ July 29, 2010 ___

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

In re:

        Enventory, Inc

        Debtor(s)

BK No. 00-45207 JBR
Chapter 7

---

## CERTIFICATE OF SERVICE

The petitioner mailed a copy of this petition and all attachments on <u>Monday, August 27, 2007</u> to:

(1)     United States Attorney
        District of Massachusetts
        US Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210

(2)     The Trustee in the Case/Debtor in Possession at
        Tali A. Tomsic
        P.O. Box 307
        North Andover, MA 01845

(3)     The Office of the United States Trustee
        1184 O'Neill Federal Building
        10 Causeway Street
        Boston, MA 02222

        OR

        The Office of the United States Trustee
        600 Main street, Suite 200
        Worcester, MA 01608

(4)     The Attorney for the Debtor
        Jonathan D. Yellin
        Three Center Plaza
        Boston, MA 02108

_____
Brian J. Dilks, Managing Member
Dilks & Knopik, LLC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

RE: Enventory, Inc

Debtor(s)

Case: 00-45207 JBR

**AUTHORITY TO ACT**
Limited Power of Attorney
Limited to one Transaction

### USED ONLY TO COLLECT FUNDS FROM THE ABOVE REFRENCED CASE

1. **Kforce Inc.** with a tax identification number of **59-3264661**, ("CLIENT"), appoints **Dilks & Knopik, LLC** ("D&K"), as its lawful attorney in fact for the limited purpose of recovering, receiving and obtaining information pertaining to the outstanding tender of funds in the amount of **$6,971.32** (the "FUNDS"), including the right to collect on CLIENT's behalf any such funds that are held by a governmental agency or authority.

2. CLIENT grants to D&K the authority to do all things legally permissible and reasonably necessary to recover or obtain the FUNDS held by the governmental agency or authority. This limited authority includes the right to receive all communications from the governmental agency or authority and to deposit checks payable to CLIENT for distribution of the FUNDS to CLIENT, less the fee payable to D&K pursuant to and in accordance with its agreement with CLIENT.

3. D&K may not make any expenditure or incur any costs or fees on behalf of CLIENT without CLIENT's prior written consent.

4. This Authority to Act shall be come effective on the below signed date and shall expire upon collection of the aforementioned FUNDS. I authorize the use of a photocopy of this Limited Power of Attorney in lieu of the original.

_____
Judy M. Genshino - Treasurer

_____, 20____
Date

Judy M. Genshino-Kelly
*Treasurer*
jgenshino@kforce.com

813.552.2589 direct
813.552.2505 fax

**KFORCE**
PROFESSIONAL STAFFING

1001 East Palm Avenue
Tampa, FL 33605
www.kforce.com

Affix Corporate Seal Below
Or if Corporate Seal Unavailable Sign Affidavit Below:

*AFFIDAVIT IF CORPORATE SEAL IS UNAVAILABLE*
*BE IT ACKNOWLEDGED, that the undersigned hereby says under oath that the corporate seal for Kforce Inc. is presently unavailable to the undersigned*
BY: _____
Signature and title

### ACKNOWLEDGMENT

STATE OF Florida )
COUNTY OF Hillsborough

On this 16th day of August, 2007, before me, the undersigned Notary Public in and for the said County and State, personally appeared **Judy M. Genshino,** proved to me through satisfactory evidence of identification, wich was that she was known to me personally, to be the person whose name is signed on the preceding document and acknowledged to me that she signed it voluntarily for its stated purpose, as **Treasurer** of **Kforce Inc.**, a corporation.
WITNESS my hand and official seal.

NOTARY PUBLIC Jessica L. McGann
My Commission expires May 26, 2009

JESSICA L. MCGANN
MY COMMISSION # DD434496
EXPIRES: May 26, 2009
(407) 398-0153    Florida Notary Service.com

UNITED STATE BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

Enventory, Inc

Debtor(s)

BK No. 00-45207 JBR

Chapter 7

CORPORATE/BUSINESS IDENTIFICATION FORM FOR UNCLAIMED DIVIDENDS

Case Name: **Enventory, Inc**            Creditor: **Group Ipex**

Case No. **00-45207 JBR**                 Amount of dividend/refund: **$6,971.32**

A dividend/refund check was previously issued in your name in accordance with an Order of this Court; however, said check was not cashed and has been deposited with the United States Treasury account.
In order to insure payment to the proper party, please fill out the identification portion on this form. Upon receipt of the completed document, your request for payment of unclaimed funds held by the Court will be processed.
Please Note: Additional documentation or proof of ownership or transfer of ownership may be required.

---

I, **Judy M. Genshino**, hereby state that I am the **Treasurer** of **Kforce Inc.** and am authorized to request payment of the above dividend.

(Corporate Seal)

_____
(Signature)

Subscribed and sworn to before me in **Tampa**, **Florida**
                                        (city/town)     (State)

this **16th** day of **August**, 20**07**.

_____
(Notary Public)

(Notary Seal)

My Commission Expires: **May 26, 2009**

JESSICA L. MCGANN
MY COMMISSION # DD434496
EXPIRES: May 26, 2009
(407) 398-0153    Florida Notary Service.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RE:                          )  | Case: 00-45207 JBR |
|                              )  | |
| Enventory, Inc            )  | **AFFIDAVIT IN SUPPORT OF** |
|                              )  | **APPLICATION FOR PAYMENT** |
| Debtor(s)                 )  | **OF UNCLAIMED FUNDS** |

I, Judy M. Genshino, Treasurer of Kforce Inc. under the penalty of perjury under the laws of the United States of America declare (or certify, verify or state) that the following statements and information are true and correct:

1. I request an order releasing the total amount of $6,971.32, which is the sum of all monies deposited with the court in the above referenced case on behalf of the creditor Group Ipex.

2. I have appointed Dilks & Knopik, LLC, as my lawful Attorney-in-Fact, who is duly authorized by the attached original Power of Attorney to file this Application for Payment of Unclaimed Funds.

3. Group Ipex was a creditor in the above mentioned case.

4. The original disbursement check was never represented for payment within 90 days after issuance because: <u>The original check was never received by the creditor due to a change of mailing address.</u>

5. The following is my current address and phone number:
   Kforce Inc.
   Judy M. Genshino Treasurer
   1001 East Palm Avenue
   Tampa, FL 33605
   813-552-5000

6. At the time of the above bankruptcy, Group-IPEX, Inc. had a mailing address of PO Box 39000, San Francisco, CA 94139.

7. It has been nearly 5 years since Kforce Inc. or any of its acquisitions, subsidiaries or affiliates has used the PO Box 39000, San Francisco, CA 94139 address and after a diligent search I have been unable to find anything showing that address.

For this reason it is overly burdensome and may be impossible to provide documentation verifying the specific address of record. I pray that the court will accept this affidavit as proof of address.

Dated 8-15-07     By: _Judy M. Genshino_
                       Judy M. Genshino, Treasurer

STATE OF Florida, COUNTY OF Hillsborough
On August 15 before me, personally appeared (insert name of the signer) Judy Genshino personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my had and official seal.

_Jessica L. McGann_
Notary Public

(SEAL)
My commission expires on May 26, 2009

JESSICA L. MCGANN
MY COMMISSION # DD434496
EXPIRES: May 26, 2009
(407) 398-0153   Florida Notary Service.com



# FORM 10-K

## HALL KINION ASSOCIATES INC - HAKI

**Filed: March 31, 2003 (period: December 29, 2002)**

Annual report which provides a comprehensive overview of the company for the past year

Exhibit A
Page 1 of 4

# Table of Contents

10-K - FORM 10-K DATED DECEMBER 29

## PART I

**Item 1.** Business
**Item 2.** Properties
**Item 3.** Legal Proceedings
**Item 4.** Submission of Matters to a Vote of Security Holders

## PART II

**Item 5.** Market for Registrant s Common Equity and Related Stockholder Matters
**Item 6.** Selected Financial Data
**Item 7.** Management s Discussion and Analysis of Financial Condition and Results of Operations
**Item 7a.** Quantitative and Qualitative Disclosures about Market Risk
**Item 8.** Financial Statements and Supplementary Data
**Item 9.** Changes in and Disagreements with Accountants on Accounting and Financial Disclosure

## PART III

**Item 12.** Security Ownership of Certain Beneficial Owners and Management
**Item 14.** Controls and Procedures

## PART IV

**Item 15.** Exhibits, Financial Statement Schedules, and Reports on Form 8-K
SIGNATURES
CERTIFICATIONS
EXHIBIT INDEX
EX-10.11 (SECOND AMENDMENT TO REVOLVING LOAN AND SECURITY AGREEMENT)
EX-10.12 (THIRD AMENDMENT TO REVOLVING LOAN AND SECURITY AGREEMENT)
EX-10.13 (EMPLOYMENT AND NON-COMPETITION AGREEMENT WITH JEFFREY A. EVANS)
EX-21.1 (SUBSIDIARIES OF REGISTRANT)
EX-23.1 (INDEPENDENT AUDITORS' CONSENT)
EX-99.1 (CERTIFICATION OF CEO)
EX-99.2 (CERTIFICATION OF CFO)

Exhibit A
Page 2 of 4

# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 10-K

## FOR ANNUAL AND TRANSITION REPORTS
## PURSUANT TO SECTIONS 13 OR 15(d)
## OF THE SECURITIES EXCHANGE ACT OF 1934

(Mark One)

☒ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the fiscal year ended December 29, 2002

OR

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from _____ to _____

Commission file number 000-22869

# HALL, KINION & ASSOCIATES, INC.
(Exact name of registrant as specified in its charter)

| | |
|---|---|
| Delaware | 77-0337705 |
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |

75 Rowland Way, Suite 200, Novato, CA 94945
(Address of principal executive offices)

(415) 895-2200
(Registrant's telephone number, including area code)

Securities registered pursuant to Section 12(b) of the Act:
None

Securities registered pursuant to Section 12(g) of the Act:
Common Stock, $0.001 par value per share

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☒ No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☐

Indicate by check mark whether the registrant is an accelerated filer (as defined in Exchange Act Rule 12b-2). Yes ☐ No ☒

The aggregate market value of the 6,760,776 shares of voting Common Stock held by non-affiliates of the registrant, computed by reference to the closing price as reported on the NASDAQ National Market system, as of the last business day of the registrant's most recently completed fiscal year, was approximately $39.1 million. The registrant has no non-voting common equity. As of March 21, 2003, the total number of outstanding shares was 12,582,263.

Portions of the registrant's Proxy Statement for the annual meeting of stockholders to be held on May 21, 2003 are incorporated by reference in Part III.

Exhibit A

Page 3 of 4

Source: HALL KINION & ASSOCI, 10-K, March 31, 2003

EXHIBIT 21.1

HALL, KINION & ASSOCIATES, INC.

LIST OF SUBSIDIARIES

HALL KINION AND ASSOCIATES, UK LIMITED, a wholly owned subsidiary of the Registrant organized under the laws of the United Kingdom.

GROUP-IPEX, INC., a wholly owned subsidiary of the Registrant, organized under the laws of the State of California.

TKO, Personnel, Inc., a wholly owned subsidiary of the Registrant, organized under the laws of the State of California.

Hall Kinion International, Inc., a wholly owned subsidiary of the Registrant, organized under the laws of the State of Delaware.

OnStaff Acquisition Corp., a Delaware corporation and a wholly owned subsidiary of the Registrant, organized under the laws of the State of California.



# Delaware

## The First State

Date Filed: 10/18/2004 9:01:00 AM
Elaine F. Marshall
North Carolina Secretary of State
C200418400023

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF OWNERSHIP, WHICH MERGES:

"HALL, KINION & ASSOCIATES, INC.", A DELAWARE CORPORATION,

WITH AND INTO "KFORCE INC." UNDER THE NAME OF "KFORCE INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, AS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-EIGHTH DAY OF JUNE, A.D. 2004, AT 1:56 O'CLOCK P.M.



3705919  8100M

040731506

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 3402507

DATE: 10-08-04

Exhibit  B

Page  1  of  4

State of Delaware
Secretary of State
Division of Corporations
Delivered 01:55 PM 06/28/2004
FILED 01:56 PM 06/28/2004
SRV 040474786 - 2708581 FILE

### CERTIFICATE OF OWNERSHIP AND MERGER
of

### HALL, KINION & ASSOCIATES, INC.
(a Delaware corporation)

into

### KFORCE INC.
(a Florida corporation)

It is hereby certified that:

1. Kforce Inc. (hereinafter sometimes referred to as the "Corporation") is a business corporation of the State of Florida.

2. The Corporation is the owner of all of the outstanding shares of each class of stock of Hall, Kinion & Associates, Inc., which is a business corporation of the State of Delaware ("Hall Kinion").

3. The laws of the jurisdiction of organization of Hall Kinion permit the merger of a business corporation of that jurisdiction with a business corporation of another jurisdiction.

4. The Corporation hereby merges Hall Kinion into the Corporation, effective for accounting purposes only as of June 17, 2004.

5. The Corporation agrees that it may be served with process in the State of Delaware in any proceeding for enforcement of any obligation of the Corporation arising from the merger provided for herein, and irrevocably appoints the Secretary of State of Delaware as its agent to accept services of process. The Secretary of State shall mail any such process to the Corporation at 1001 East Palm Avenue, Tampa, Florida 33605, Attention: Chief Executive Officer.

6. The following is a copy of the resolutions adopted on June 17, 2004 by the Board of Directors of the Corporation to merge Hall Kinion into the Corporation:

WHEREAS, Hall Kinion is a wholly owned subsidiary of the Corporation;

WHEREAS, Group-Ipex Inc., a California corporation, OnStaff Acquisition Corp., a Delaware corporation, and Hall Kinion International, Inc., a Delaware corporation, are each wholly owned subsidiaries of Hall Kinion (collectively, the "Hall Kinion Subsidiaries"); and

Exhibit B
Page 2 of 4

WHEREAS, Hall Kinion intends to merge each of the Hall Kinion Subsidiaries into Hall Kinion (the "Hall Kinion Subsidiary Mergers");

WHEREAS, the Board of Directors of the Corporation desires and deems it to be in the best interest of the Corporation and Hall Kinion, following the Hall Kinion Subsidiary Mergers, to merge Hall Kinion into the Corporation.

NOW THEREFORE BE IT RESOLVED, that, following the Hall Kinion Subsidiary Mergers, Hall Kinion merge into the Corporation pursuant to the provisions of the Florida Business Corporation Act and pursuant to the provisions of the Delaware General Corporation Law and that all of the estate, property, rights, privileges, powers, and franchises of Hall Kinion be vested in and held and enjoyed by the Corporation as fully and entirely and without change or minution as the same were before held and enjoyed by Hall Kinion; it is

FURTHER RESOLVED, that the Corporation does hereby assume all of the liabilities and obligations of Hall Kinion; it is

FURTHER RESOLVED, that Hall Kinion shall be the disappearing corporation upon the effective date of the merger pursuant to the provisions of the Florida Business Corporation Act and the Delaware General Corporation Law, and the Corporation shall continue its existence as the surviving corporation pursuant to the provisions of the Florida Business Corporation Act; it is

FURTHER RESOLVED, that the outstanding shares of Hall Kinion shall not be converted in any manner, nor shall any cash or other consideration be paid or delivered therefor, inasmuch as the Corporation is the owner of all outstanding shares of Hall Kinion, but each such share which is outstanding as of the effective date of the merger shall be surrendered and extinguished; it is

FURTHER RESOLVED, that the Board and any officer of the Corporation are hereby authorized, empowered and directed to do any and all acts and things, and to make, execute, deliver, file, and/or record any and all instruments, papers and documents and to pay all relevant fees and expenses which shall be or become necessary, proper or convenient to carry out or put into effect any of the provisions of the merger herein provided for under the Florida Business Corporation Act and the Delaware General Corporation Law, including without limitation the filing of Articles of Merger in the State of Florida (the "Florida Certificate") and a Certificate of Ownership and Merger in the State of Delaware (the "Delaware Certificate"); it is

FURTHER RESOLVED, that the merger provided for herein shall become effective in the State of Delaware on the date and time of filing of the Delaware Certificate, but shall be effective for accounting purposes only as of June 17, 2004; and it is

FURTHER RESOLVED, that any act taken or done by any officer or agent of the Corporation to facilitate the merger is hereby approved and ratified.

Exhibit  B
Page  3 of 4

Executed on June 25, 2004

KFORCE INC.

By: _____
David L. Dunkel, Chief Executive Officer and President

# 2011365_v5

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

In re:

        Enventory, Inc

        Debtor(s)

BK No. 00-45207 JBR
Chapter 7

---

## ORDER FOR PAYMENT OF UNCLAIMED FUNDS

    It appearing that the funds from the uncashed dividend check in the amount of $6,971.32 payable to Group Ipex, a creditor in this case, were deposited in the Unclaimed Funds account of the Court, and that the proper recipient for said funds has now been located by Dilks & Knopik, LLC and Kforce Inc.,

    IT IS HEREBY ORDERED that the Clerk of the Bankruptcy Court shall disburse said funds on deposit with the Treasury of the United States to the claimant herein in the amount specified above and mailed to:

        Kforce Inc.
        and Dilks & Knopik, LLC
        PO Box 2728
        Issaquah, WA 98027


Entered:

                                                                                              So Ordered:

_____
    Bankruptcy Judge

Dated:
                                                                                         Deputy Clerk

Law Offices
## TALI A. TOMSIC, ESQ.
P.O. Box 307
North Andover, Massachusetts 01845     Of Counsel

---

Telephone (978) 687-8711     Jason Rosenberg
Facsimile (978) 682-1730     Neil F. Faigel

July 18, 2007

Clerk
US Bankruptcy Court
Donohue Federal Building
595 Main Street
Worcester, MA  01608

Re:    Unclaimed Funds
        Eventory, Inc. - Chapter 7 Case No. 00-45207-JBR

Dear Sir/Madam:

I am enclosing a check in the amount of $14,624.29, which represents the unclaimed funds in the above referenced case. These funds are being paid over to the Clerk of the U.S. Bankruptcy Court pursuant to FRBP 3011. I have enclosed a copy of that portion of the <u>Trustee's Final Report and Account After Distribution and Request for Discharge</u> which sets out the names(s), address(es) and amount(s) for the Claimant(s).

Thank you for you assistance with this matter.

Very truly yours,

Tali A. Tomsic, Esq.

Enclosures

| | | |
|---|---|---|
| Requisite Technology, Inc.<br>10355 Westmoor Drive, Suite 205<br>Westminster, CO  80021 | Claim #24 | $4,989.71 |
| HarvardNet, Inc<br>One Cabot Road<br>Medford, MA  02155 | Claim #14 | $2,179.75 |
| Group Ipex<br>Dept. 3304602<br>PO Box 39000<br>San Francisco, CA  94139 | Claim #13 | $6,971.32 |
| U.S. Dept of Labor<br>Pension and Welfare Benefits Admin<br>1 Bowdoin Square, 7th Floor<br>Boston, MA  02114 | Claim #12 | $ 147.83 |
| Jack So<br>95 Kingsley Way<br>Freehold, NJ  07728 | Claim #7 | $  20.24 |
| Hartford Office Supply<br>PO BOX 1409<br>Hartford, CT  06143 | Claim #6 | $  11.17 |
| Advantage Human Resourcing<br>Church St. Station<br>PO Box 6218<br>New York, NY  10249 | Claim #4 | $ 304.27 |

-End-